UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.7:13-CV-231-BO

| | |
|---|---|
| BRAD R. JOHNSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TOWN OF OAK ISLAND, BETTY ) | |
| WALLACE, STEVE FOSTER, CHRISTY ) | |
| FOX, JAMES R. PREVATTE, JR., and ) | |
| PREVATTE & PREVATTE, PLLC, ) | |
|     Defendants. ) | |

This cause comes before the Court on a motion to dismiss for lack of subject matter jurisdiction filed by James R. Prevatte, Jr. and Prevatte & Prevatte, PLLC. Also before the Court is plaintiff's motion for limited discovery and a limited evidentiary hearing on the motion to dismiss. Responses and replies to the matters have been filed, and they are ripe for ruling. For the reasons discussed below, the Prevatte defendants' motion to dismiss is granted and plaintiff's motion for limited discovery and an evidentiary hearing is denied.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action against the Town of Oak Island and its mayor, town manager, and tax collector for unlawful deprivation of his civil rights under 42 U.S.C. § 1983. Plaintiff raises a facial and as applied challenge to the Town of Oak Island's sewer fee and asserts claims under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and for retaliation in violation of the First Amendment to the United States Constitution. Plaintiff then amended his complaint to include state law claims against the Prevatte defendants for breach of contract, breach of fiduciary duty, and fraud. Mr.

Prevatte acted as closing attorney for plaintiff's purchase of property on Oak Island and represented plaintiff to the extent of ensuring that plaintiff acquired good and marketable title to the property. Plaintiff alleges that the Prevatte defendants failed to inform him prior to closing of sewer assessments on the purchased property in violation of their contractual duty to do so.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). A defendant may challenge the court's subject matter jurisdiction in one of two ways: a defendant may contend that the complaint fails to allege facts upon which subject matter jurisdiction can rest, or it can contend that the jurisdictional allegations in the complaint are untrue. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). When, as here, defendants have raised a facial challenge to subject matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams*, 697 F.2d at 1219). The facts alleged by the Plaintiff in the complaint are then taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

A federal district court has supplemental jurisdiction over "all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Whether claims are so related that they form a part of the same case or controversy is generally "determined by whether they derive from a common nucleus of operative fact and are

such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding."
*Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 615 (4th Cir. 2001).

Plaintiff's claims against Mr. Prevatte and his law firm for breach of contract, breach of fiduciary duty, and fraud do not derive from a common nucleus of operative fact with plaintiff's claims that the Town of Oak Island's sewer fee violates the Equal Protection Clause of the Fourteenth Amendment. While both claims involve the Town's sewer fees, none of the facts that would support plaintiff's breach of contract and other state law claims would support his Constitutional claims against the Town defendants. Any duty that arose on the part of the Prevatte defendants is in no way related to the Town of Oak Island or its policies, nor would a breach of any duty on the part of the Prevatte defendants implicate the Town.

Plaintiff's contention that the damages on his Equal Protection claim are dependent upon his damage award on his state-law claims is misplaced. Whether or not the Town's assessment, administration, and enforcement of sewer fees violates the Equal Protection Clause because it lacks uniformity in that owners of certain unimproved parcels pay the fees and owners of certain improved parcels do not is in no way dependent upon a finding that the Prevatte defendants breached their contractual or other duties to defendant when they failed to notify him prior to closing that the parcels he intended to purchase had unpaid sewer fees.

Nor are the state law claims related to plaintiff's First Amendment claim for retaliation. Again, any basis for relatedness begins and ends with the subject matter of sewer fees. This single common fact is simply insufficient to demonstrate that the claims at issue "revolve around a central fact pattern." *White v. Cnty. of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993).

It is undisputed that plaintiff's § 1983 claims arise under this Court's original jurisdiction.

3

28 U.S.C. § 1331. However, because the state law claims against the Prevatte defendants do not form a part of the same case or controversy as the claims over which the Court has original jurisdiction, the Court lacks supplemental jurisdiction over such claims and they must be dismissed. As these dismissed claims are the only claims asserted against the Prevatte defendants, the Prevatte defendants must also be dismissed.

In light of the foregoing, in particular the Court's finding that the Prevatte defendants have raised a facial and not a factual challenge to its subject matter jurisdiction, plaintiff's motion for limited discovery and a limited evidentiary hearing in order to establish jurisdiction facts is denied.

## CONCLUSION

Accordingly, the Prevatte defendants' motion to dismiss for lack of jurisdiction [DE 19] is GRANTED and plaintiff's motion for limited discovery and a limited evidentiary hearing [DE 28] is DENIED.

SO ORDERED, this 25 day of April, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE